The document below is hereby signed.

Signed: September 28, 2017



*S. Martin Teel, Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

```
               UNITED STATES BANKRUPTCY COURT
               FOR THE DISTRICT OF COLUMBIA
```

|  |  |
|---|---|
| In re ) | |
| ) | |
| KARIM STEWARD, ) | Case No. 16-00479 |
| ) | (Chapter 7) |
| Debtor. ) | |
| _____ ) | |
| ) | |
| DENT-A-MED, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary Proceeding |
| ) | No. 16-10043 |
| KARIM STEWARD, ) | |
| ) | Not for publication in |
| Defendant. ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
<u>OVERRULING OPPOSITION TO REQUEST FOR ENTRY OF DEFAULT</u>

The defendant filed an opposition to the plaintiff's request of September 5, 2017, for entry of default, arguing that service of the summons and complaint was untimely under Fed. R. Civ. P. 4(m). For the following reasons, the opposition to the request for entry of default will be overruled.

The complaint in this adversary proceeding was filed on December 19, 2016. Under Fed. R. Civ. P. 4(m), service of the

summons and complaint was required to be made within 90 days after the complaint was filed.  On January 3, 2017, the plaintiff filed an affidavit of service reflecting that the summons and complaint were mailed to the defendant on February 1, 2017.  On January 31, 2017, the plaintiff requested entry of default against the defendant.  On February 2, 2017, the clerk entered a default against the defendant.  On March 7, 2017, the court held a scheduling conference at which the plaintiff indicated that it would file a motion for default judgment.  The plaintiff promptly filed a motion for default judgment on March 8, 2017.  On July 27, 2017, in addressing that motion for default judgment, the court noted to the plaintiff, for the first time, that there had not been proper service on the defendant because the summons and complaint had not been sent to the defendant's counsel as required by Fed. R. Bankr. P. 7004(g).  The complaint had been automatically transmitted electronically to the defendant's counsel as a registered e-filer , but paper service of both the summons and the complaint was required.  The clerk's entry of default on February 2, 2017, therefore, had been an error.

   The court accordingly ordered on July 27, 2017, that, unless the plaintiff could show that proper service was made, then "by August 31, 2017, the plaintiff shall serve a summons and the complaint anew (within seven days after issuance of the summons as required by Fed. R. Bankr. P. 7004(e))."  Dkt. No. 12.  Proper

service of the summons and complaint was made on August 3, 2017.

The first sentence of Rule 4(m) permits the court in its discretion to "order that service be made within a specified time" when proper service has not been made within 90 days as required by Rule 4(m). That is precisely what happened here.[1]

Contrary to the defendant's argument, the complaint still remains timely filed under Fed. R. Bankr. P. 4007(b). The defendant contends that failure to have made service within the 90-day period of Fed. R. Civ. P. 4(m) made pursuit of the complaint untimely once that 90-day period expired, citing *Frasca v. United States*, 921 F.2d 450 (2d Cir. 1990). However, *Frasca* does not support that argument, but only stands for the proposition that if dismissal is mandated under Rule 4(m), then the statute of limitations becomes applicable again, upon dismissal of the action, as though no action had been filed. Because dismissal under Rule 4(m) is not warranted here, the holding in *Frasca* has no applicability. The defendant's opposition to the request to enter default must be overruled.

The clerk already granted the requested default. Because the opposition to the request to enter default is being

---

[1] Moreover, good cause existed that would have required the court under the second sentence of Rule 4(m) to extend the time to make proper service. By reason of the clerk's erroneous entry of default, and the court's failure until July 27, 2017, to note to the plaintiff the lack of proper service the plaintiff had been led to believe that the court had determined that proper service had been made.

overruled, the default will not be set aside and it shall remain in place.

It is thus

ORDERED that the *Defendant's Opposition to Request for Entry of Default* is OVERRULED.

[Signed and dated above.]

Copies to: Recipients of e-notification.