The document below is hereby signed.

Signed: October 18, 2017



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                          )
                               )
KARIM STEWARD,                 )   Case No. 16-00479
                               )   (Chapter 7)
          Debtor.              )
_____)
                               )
DENT-A-MED, INC.,              )
                               )
          Plaintiff,           )
                               )
     v.                        )   Adversary Proceeding No.
                               )   16-10043
KARIM STEWARD,                 )
                               )   Not for Publication in
          Defendant.           )   West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER RE MOTION FOR DEFAULT JUDGMENT

This addresses the plaintiff's unopposed motion for default judgment. The plaintiff recovered a default judgment against the debtor in the Superior Court of the District of Columbia with respect to Counts II and III of its complaint in that court. The plaintiff seeks here a declaration that the judgment debt is nondischargeable.

The motion presents the following issue. After the debtor incurred a nondischargeable debt for obtaining money by fraud,

the debtor additionally became liable for damages recoverable under a state statute for hurting the creditor by issuing a bad check towards payment of the nondischargeable debt.  Are such additional damages nondischargeable as well?  Although there is no precedent directly on point, I conclude that such damages are nondischargeable as growing out of and incidental or ancillary to the nondischargeable debt for fraud.

I

Count II of the Superior Court complaint relates to $70,551.80 in funds received as a result of the debtor's fraudulent misrepresentations, and the allegations in the complaint adequately establish that this was a debt for property obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition" within the meaning of 11 U.S.C. § 523(a)(2)(A).  Accordingly, default judgment is appropriate as to the request to declare nondischargeable the judgment for the claim under Count II of the Superior Court complaint.

II

In this adversary proceeding, exhibits to the complaint and to the motion for default judgment reveal that Count III of the Superior Court complaint related to a claim under D.C. Code § 28-3152 ("Merchant's civil recovery for dishonored checks.") for damages arising from a dishonored check for $5,211.23 that

Steward issued towards payment of the $70,551.80 claim. Section 28-3152(a) provides:

> Any person who, for himself or herself, or for another person, with intent to defraud, makes, draws, utters, or delivers any check, draft, order, or other instrument for the payment of money for goods or services upon any bank or other depository and knows or should have known that payment of the check, draft, order, or other instrument for the payment of money for goods or services will be refused by the drawee bank or other depository, either because the drawer does not have sufficient funds in or credit with the bank or other depository, or the drawer, with intent to defraud, has ordered a stop payment on the check, draft, order, or other instrument for the payment of money for goods or services, shall be civilly liable to the payee who has presented the check, draft, order, or other instrument for the payment of money as provided in this section.

Section 28-3152(c) then provides:

> Any person liable under subsection (a) of this section shall be liable to the merchant for the face amount of the check, and:
>   (1) Additional damages in the amount of 2 times the amount of the check, draft, order, or other instrument for the payment of money, or $100, whichever is greater;
>   (2) Costs; and
>   (3) Reasonable attorney fees.

The Superior Court default judgment awarded $15,653.49 under this provision. There is an issue whether, standing alone, and without regard to the nondischargeable debt that is the subject of Count II of the Superior Court complaint, the complaint here has alleged sufficient facts to establish that the debt under Count III of the Superior Court complaint is nondischargeable. *See*, *e.g.*, *In re White*, 444 B.R. 887 (Bankr. S.D. Ind. 2010); *In re Strecker*, 251 B.R. 878 (Bankr. D. Colo. 2000); *In re Couch*,

3

154 B.R. 511 (Bankr. S.D. Ind. 1992). However, I need not reach that issue: the $15,653.49 debt was incurred incident to the plaintiff's attempt to collect the $70,551.80 nondischargeable debt addressed by Count II of the Superior Court complaint, and thus is nondischargeable.

*Cohen v. de la Cruz*, 523 U.S. 213, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998), held:

> In short, the text of § 523(a)(2)(A), the meaning of parallel provisions in the statute, the historical pedigree of the fraud exception, and the general policy underlying the exceptions to discharge all support our conclusion that "any debt ... for money, property, services, or ... credit, to the extent obtained by" fraud encompasses any liability arising from money, property, etc., that is fraudulently obtained, including treble damages, attorney's fees, and other relief that may exceed the value obtained by the debtor.

523 U.S. at 223, 118 S.Ct. at 1219. "[W]hen a debt is declared non-dischargeable . . ., it is all of the losses suffered as a result of the egregious conduct, that must be declared non-dischargeable, if such losses are allowable under non-bankruptcy law." *Johnson v. Davis, (In re Davis)*, No. 01-1224, 2010 WL 1930944, at *5 (Bankr. W.D.N.Y. May 12, 2010) (citing *In re Behn*, 245 B.R. 444 (Bankr. W.D.N.Y. 2000)).

Here, the damages recovered under Count III of the Superior Court complaint were incurred after the $70,551.80 nondischargeable debt was incurred, and there was no contractual provision for the recovery of the $15,653.49 amount awarded under

Count III of the Superior Court complaint.  The Superior Court found that in the circumstances pled in Count III of the Superior Court complaint, D.C. law imposed damages in the amount of $15,653.49 for the issuance of the bad check.  However, the $15,653.49 award was incurred by reason of the $70,551.80 nondischargeable debt having been incurred: the bad check was issued towards payment of the $70,551.80 nondischargeable debt, and the plaintiff would not have suffered the damages arising from the bad check had the $70,551.80 nondischargeable debt not existed.

The issuance of the bad check, not the fraud underlying the $70,551.80 nondischargeable debt, caused the bad check to subject the debtor to liability under D.C. Code § 28-3152.  Moreover, only debts proximately arising from the obtaining of property by fraud are nondischargeable under § 523(a)(2)(A).  *United States v. Spicer*, 57 F.3d 1152, 1157 (D.C. Cir. 1995), *cert. denied*, 516 U.S. 1043, 116 S.Ct. 701, 133 L. Ed. 2d 658 (1996).  However, the lesson of *Cohen* is that once such a nondischargeable debt is established, all damage amounts recoverable under state law relating to that debt are nondischargeable as well.

A "claim" is defined as a "right to payment." 11 U.S.C. § 101(5)(A).  "Ancillary obligations such as attorneys' fees and interest may attach to the primary debt; consequently, their status depends on that of the primary debt."  *Jennen v. Hunter*

5

*(In re Hunter)*, 771 F.2d 1126, 1131 (8th Cir. 1985). *See also Klingman v. Levinson*, 831 F.2d 1292, 1296 (7th Cir. 1987); *Pauley v. Spong (In re Spong)*, 661 F.2d 6 (2d Cir. 1981); *Florida v. Ticor Title Ins. Co. of Cal. (In re Florida)*, 164 B.R. 636, 639 (9th Cir. BAP 1994). This includes costs of collection recoverable under nonbankruptcy law. *See In re Hung Tan Pham*, 250 B.R. 93, 99 (B.A.P. 9th Cir. 2000) (holding that "after *Cohen*, the determinative question in cases under § 523(a)(2) is whether the successful plaintiff could recover attorney's fees in a non-bankruptcy court."); *In re French*, 563 B.R. 212, 223 (Bankr. W.D. Ky. 2016) (nondischargeable debt included "the Plaintiff's costs, expenses, and fees, including reasonable attorney's fees, incurred as the result of the enforcement of the agreement or collection of the indebtedness," citing *Cohen*, 523 U.S. at 223); *In re Wine*, 558 B.R. 438, 445 (Bankr. D. Colo. 2016) (holding that "*de la Cruz* quite definitively dictates that collection fees (such as the $3,690.58 sought by the State in this case) arising from money fraudulently obtained are nondischargeable" (footnote omitted)); *Wegman's Food Markets, Inc. v. Lutgen (In re Lutgen)*, No. 98-CV-0764, 1999 WL 222605, at *3 (W.D.N.Y. April 5, 1999) (contractual provision for attorney's fees incurred in collecting on bad check issued to the creditor); *Mills v. Ellerbee (In re Ellerbee)*, 177 B.R. 731, 744 (Bankr. N.D. Ga. 1995)(attorneys fee award regarding obtaining a

6

nondischargeable judgment constitutes damages flowing from the underlying nondischargeable debt), *aff'd*, 78 F.3d 600 (11th Cir. 1996).

Just like a contractual provision for the recovery of attorney's fees in the collection of a nondischargeable debt, the statutory damages of $15,653.49 awarded under D.C. Code § 28-3152 should be nondischargeable.  That award arose from the right to be paid the $70,551.80 nondischargeable debt without a bad check being issued towards payment in the circumstances specified by the statute.  Just like the nondischargeable character of attorney's fees recoverable under a contractual provision if a bad check is issued relating to funds obtained by fraud, the $15,653.49 of damages awarded here under D.C. Code § 28-3152 should be nondischargeable because they arise from the right to be paid the $70,551.80 nondischargeable debt without the debtor issuing a bad check in circumstances warranting the imposition of damages under D.C. Code § 28-3152.  Under *Cohen*, the D.C. Code § 28-3152 damages award should fare no differently than if there had been instead a contractual provision that called for such damages to be awarded in the event a bad check was submitted towards payment of the debt.  The D.C. statute permitted the plaintiff, in certain circumstances, to recover damages specified by the statute if jerked around by the debtor's issuance of a bad check towards purported payment of the $70,551.80

7

nondischargeable debt.  Necessarily the $15,653.49 of damages that the judgment awarded under D.C. Code § 28-3152 are owed as a matter of res judicata (claim preclusion), are related to the $70,551.80 nondischargeable debt, and are additional nondischargeable damages growing out of that $70,551.80 nondischargeable debt as an incident thereof.

The damages arising from the submission of the bad check are damages that would not have been suffered if the debtor had not defrauded the plaintiff in the first place, and that are proximately related to the debtor's incurring the $70,551.80 nondischargeable debt in the sense that it is legally justifiable to treat those damages as an incidental feature of the nondischargeable debt.  Yes, the bad check was an intervening event, but the plaintiff is entitled to be made whole with respect to the damages relating to collection of the nondischargeable debt (to the extent that District of Columbia law allows such damages to be recovered).  *See Lee-Benner v. Gergely (In re Gergely)*, 110 F.3d 1448, 1453-54 (9th Cir. 1997) (where a debtor-physician allegedly misrepresented the need for amniocentesis and then negligently performed the procedure, the § 523(a)(2)(A) damages included the injuries arising from the negligently performed procedure).  Once the debtor defrauded the plaintiff, it was foreseeable that, with respect to the $70,551.80 nondischargeable debt, the debtor would incidentally

8

be liable under D.C. Code § 28-3152 for additional damages if a bad check were issued towards payment of the debt in the circumstances specified by that statute.

This case is distinguishable from *Kelly v. Kelly (In re Kelley)*, No. 07-90263, 2008 WL 8013409, at *14 (Bankr. S.D. Cal. July 15, 2008), supplemented, No. 07-90263, 2008 WL 8013411 (Bankr. S.D. Cal. Sept. 23, 2008).  In *Kelley*, the debtor executed a note after incurring a nondischargeable debt, and the note provided for a recovery of attorney's fees incurred in collecting the debt.  Attorney's fees later incurred were held to be dischargeable because the note was created after the events establishing a nondischargeable debt took place.  Here, in contrast, D.C. Code § 28-3152 was necessarily already built into the debtor's obligations regarding paying the nondischargeable debt.

That the bad check damages include treble damages (a form of punitive damages) does not alter the analysis, as evident from the treatment of punitive damages in *Cohen* as being nondischargeable.  *See In re Wine*, 558 B.R. at 444-46.  The award may actually amount to quadruple damages because the $5,211.23 amount that the bad check purported to pay is part of the $70,551.80 nondischargeable debt incurred before issuance of the bad check.  However, under the doctrine of res judicata (claim preclusion) the Superior Court judgment is binding on this court

with respect to the amounts the debtor owes stemming from his fraudulent misconduct and incident to the collection of that debt.

That the Superior Court judgment, as a default judgment, may not have collateral estoppel effect (issue preclusion effect) with respect to whether the bad check itself was issued "with intent to defraud" (an element of D.C. Code § 28-3152) is irrelevant.  Necessarily the default judgment established a debt of $15,653.49 recoverable by the plaintiff under D.C. Code § 28-3152 as damages incident to the attempt to collect the $70,551.80 nondischargeable debt.

                                III

In accordance with the foregoing, it is

ORDERED that the plaintiff's motion for default judgment is GRANTED, and a judgment follows declaring the plaintiff's claim under the Superior Court judgment to be nondischargeable.

[Signed and dated above.]

Copies to: All counsel of record; Debtor.